### 14508. COLLIER v. DUCKETT.

STEPHENS, J. 1. Where steps to a house on rented premises were not in a broken condition, but were apparently whole and safe for the use intended, an occupant injured by reason of the steps breaking while being used is not conclusively presumed to have knowledge of the unsafe condition of the steps by reason of the fact that six months prior to the injury the occupant stated to the landlord that the steps were "old, worn out, and in bad repair," when the landlord at the time, after receiving such notice and inspecting the premises, notified the occupant that the steps were in good condition and did not need repair and would last for a long time. The person injured, therefore, was not, in using the steps, guilty of such contributory negligence as would bar a recovery against the landlord for an injury sustained.

2. An inspection of the steps by the landlord six months prior to the time of the injury might have revealed such a defective condition in the steps as might render them unsafe for use at the time of the injury, and the landlord's failure to repair the steps after such inspection and after having been notified that the steps were old and worn out, may have amounted to negligence proximately contributing to the injury.

3. The petition as amended in the suit of the person injured against the landlord to recover for alleged injuries thus sustained set out a cause of action and the demurrer thereto was properly overruled.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED FEBRUARY 28, 1924.

Action for damages; from city court of Atlanta—Judge Reid. March 31, 1923.

*L. C. & J. L. Hopkins,* for plaintiff in error.

*R. B. Blackburn,* contra.